IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND TATUM                                            PLAINTIFF

v.                          CIVIL NO. 04-5194

JO ANNE B. BARNHART, Commissioner
Social Security Administration                         DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Raymond Tatum brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for child's supplemental security income benefits and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for SSI presently before this court were filed on March 20, 2003, alleging an inability to work due to epilepsy and associated sequelae. (Tr. 47-48, 148-150). An administrative hearing was held on March 18, 2004. (Tr. 162-180). Plaintiff was present and represented by counsel.

By written decision dated April 8, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 18). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform work, at any exertional level, that did not require working around heights, hazardous machinery or driving. (Tr. 17-18). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled. (Tr. 18).

Plaintiff appealed the decision of the ALL to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on June 25, 2004. (Tr. 3-5). When the Appeals Council declined review, the ALL's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 6,7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALL's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALL, the decision of the ALL must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

AO72A
(Rev. 8/82)

**Discussion:**

Plaintiff contends that the ALJ erred by failing to fully develop the record with regard to limitations resulting from his epilepsy and associated sequelae. After reviewing the evidence in this case, we are of the opinion that this matter should be remanded to the ALJ for further consideration of this issue. While there is little medical evidence in the record, it appears the ALJ chose to accept part but not all of Dr. Vincent Runnels' April 29, 2003, opinion without giving adequate explanation for disregarding Dr. Runnels' opinion that plaintiff needed more testing.

Upon referral from plaintiff's primary care physician, plaintiff was evaluated by Dr. Runnels on April 29, 2003. (Tr. 145-146). A neurological exam was totally normal with the exception of the fact that plaintiff did not have abdominal reflexes and his knee jerks were somewhat brisk as were his upper extremity reflexes. Due to the brisk reflexes, Dr. Runnels recommended plaintiff undergo a cerebral MRI and a repeat EEG. If these test results were abnormal, Dr. Runnels indicated he would insist on a neurology appointment. (Tr. 146). Dr. Runnels' further opined that plaintiff's seizures, once per month, were not under good control and that plaintiff should not drive.

The ALJ, in concluding that plaintiff could perform work, at any exertional level, that did not require working around heights, hazardous machinery or driving, relied on RFC assessments completed by a non-examining, medical consultants, indicating plaintiff could perform work that did not require work around hazards. (Tr. 121-137). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). It also appears that Dr.

4

Runnels evaluation notes were not part of the record reviewed by the non-examining consultants. (Tr. 137, 144). Based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

We believe remand is necessary so that the record can be further developed regarding plaintiff's physical RFC. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). We strongly recommend that the ALJ order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain including a cerebral MRI and a EEG, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

AO72A
(Rev. 8/82)

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALL and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)